United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-18596-mdc
Joseph V. Ault                                                            Chapter 13
Helene M. Ault
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Dec 19, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2017.
db/jdb         +Joseph V. Ault,    Helene M. Ault,    264 Callowhill Road,    Chalfont, PA 18914-1519

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2017                                          Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2017 at the address(es) listed below:
              DENISE ELIZABETH CARLON    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR IN
               INTEREST TO NATIONAL CITY REAL ESTATE SERVICES, LLC, SUCCESSOR BY MERGER TO NATIONAL CITY
               MORTGAGE, INC., FORMERLY KNOWN AS NATIONAL CITY MORTGAGE CO., DOI bkgroup@kmllawgroup.com
              JEFFREY C. MCCULLOUGH    on behalf of Debtor Joseph V. Ault jeffmccullough@bondmccullough.com,
               mbehrlacher@bondmccullough.com
              JEFFREY C. MCCULLOUGH    on behalf of Joint Debtor Helene M. Ault
               jeffmccullough@bondmccullough.com, mbehrlacher@bondmccullough.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR IN
               INTEREST TO NATIONAL CITY REAL ESTATE SERVICES, LLC, SUCCESSOR BY MERGER TO NATIONAL CITY
               MORTGAGE, INC., FORMERLY KNOWN AS NATIONAL CITY MORTGAGE CO., DOI bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 7

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Joseph V. Ault<br>Helene M. Ault<br>    Debtors | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br>    Movant<br>vs. | NO. 16-18596 MDC |
| Joseph V. Ault<br>Helene M. Ault<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$13,778.64**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2017 to November 2017 at $1,595.24/month |
| Suspense Balance: | $14.28 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$13,778.64** |

2. The Debtors shall cure the aforesaid arrearage in the following manner:

a). Debtors shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$13,778.64** through the Plan, plus the pre-petition arrears, and within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtors shall file any motions and other documents necessary under the court rules to accomplish said Plan modification;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,778.44** along with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

thereafter, Debtors shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $1,595.24 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders), but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with the instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 20, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 11/30/2017

Jeffrey C. McCullough, Esquire
Attorney for Debtors

Date: 12/12/17

William C. Miller
Chapter 13 Trustee **without prejudice to any trustee rights or remedies**

Approved and SO ORDERED by the Court this 18th day of December, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman